**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 23-38** |
| **LARYAN REED** | **SECTION: "E" (5)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss the Indictment (the "motion") filed by Defendant, Laryan Reed.[1] Mr. Reed is charged with one count of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1).[2] Mr. Reed now brings a facial challenge to the indictment, arguing § 922(g)(1) "is a violation of the Second Amendment[,] as firearm possession is protected by the plain text of the Amendment."[3] For support, Mr. Reed relies on the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*,[4] and the Fifth Circuit's opinion in *United States v. Rahimi*.[5] Nothing in *Bruen* challenged the constitutionality of § 922(g)(1), and *Rahimi* concerned the constitutionality of § 922(g)(8), a provision legally distinct from § 922(g)(1). For those reasons, the motion is **DENIED**.

## BACKGROUND

On February 20, 2023, Magistrate Judge Michael North signed a complaint and authorized Mr. Reed's arrest being a felon in possession of a firearm, in violation 18 U.S.C. §§ 922(g)(1) and 924(a)(8).[6] On March 3, 2023, a federal grand indicted Mr. Reed for those same violations.[7] The indictment alleges that Mr. Reed has one conviction for

---

[1] R. Doc. 40.
[2] R. Doc. 10.
[3] R. Doc. 40 at p. 1.
[4] 597 U.S. 1 (2022).
[5] 61 F.4th 443 (5th Cir. 2023).
[6] R. Doc. 1.
[7] R. Doc. 10.

carjacking from the 34th Judicial District Court, St. Bernard Parish, State of Louisiana.[8] Mr. Reed entered a not guilty plea at his initial appearance on March 6, 2023. Mr. Reed's change of plea hearing and rearraignment is set for January 18, 2024.

On October 6, 2023, Mr. Reed filed this motion,[9] and the Court ordered the government to respond.[10] On October 24, 2023, the government filed its response in opposition.[11] Mr. Reed replied on November 1, 2023.[12]

## LAW AND ANALYSIS

The Second Amendment guarantees "the right of the people to keep and bear [a]rms[] shall not be infringed,"[13] but, "[l]ike most rights, the right secured by the Second Amendment is not unlimited."[14]

The Supreme Court's landmark 2022 decision in *Bruen* announced a new test for assessing whether a limit on an individual's Second Amendment right is constitutional. First, a court must ask whether "the Second Amendment's plain text covers an individual's conduct."[15]  If the Second Amendment does cover the individual's conduct, the court then must ask whether "the regulation is consistent with this Nation's historical tradition of firearm regulation." [16] Only where the regulation is "consistent with the Second Amendment's text and historical understanding" can it withstand constitutional scrutiny.[17] Pursuant to this test, the Supreme Court ruled that New York State's "proper-cause requirements" for concealed-carry permitting, reasoned to have "prevent[ed] law-abiding citizens with ordinary self-defense needs from exercising their right to keep and

---

[8] *Id.*
[9] R. Doc. 40.
[10] R. Doc. 42.
[11] R. Doc. 49.
[12] R. Doc. 55.
[13] U.S. Const. amend. II.
[14] *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008).
[15] *Bruen*, 597 U.S. at 17.
[16] *Id.*
[17] *Id.* at 26.

bear arms," violated the Constitution. As a result, the Supreme Court vacated the opinion below.[18] In announcing this two-step test, which displaced the prior framework developed by lower courts,[19] the *Bruen* Court took care to clarify that the core of its prior 2008 decision in *District of Columbia v. Heller*[20] remained undisturbed.[21]

*Heller* affirmed that the Second Amendment "protect[s] an individual right to keep and bear arms for self-defense"[22] *subject to* limitations that may "disqualif[y]" certain individuals "from the exercise of Second Amendment Rights."[23] That is, the Second Amendment, according to *Heller*, protects "the right of *law-abiding, responsible* citizens to use arms in defense of hearth and home"—self-defense.[24] While striking down a Washington, D.C. "total ban on handguns," the *Heller* Court emphasized that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill."[25] Two years later, *Heller*'s ruling was extended to the states, by incorporation through the Fourteenth Amendment, in *McDonald v. City of Chicago, Ill.*[26]

In 2022, concurring fully in the *Bruen* opinion, Justice Alito wrote that *Bruen*'s "holding decided nothing about who may lawfully possess a firearm" and did not disturb *Heller* and *McDonald's* holdings "about restrictions that may be imposed on the possession or carrying of guns."[27]

---

[18] *Id.* at 17 (emphasis added).
[19] *Id.* at 17–18 ("Today, we decline to adopt . . . the two-step test that Courts of Appeals have developed to assess Second Amendment claims.")
[20] 554 U.S. 570, 635 (2008).
[21] *See, e.g. id.* at 17 ("In keeping with *Heller*, we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct.")
[22] *Id.* (citing *Heller*, 554 U.S. 570 (2008)).
[23] *Heller*, 554 U.S. at 635 (2008).
[24] *Id.* (emphasis added).
[25] *Id.* at 626.
[26] 561 U.S. 742 (2010).
[27] *Bruen*, 597 U.S. at 72 (Alito, J., concurring).

Both before and after *Heller*, the Fifth Circuit regularly upheld the constitutionality of § 922(g)(1) as a restriction on an individual's Second Amendment rights.[28] As made plain by *Heller* and *Bruen*, those decisions as to § 922(g)(1) remain good law. More than 100 district courts nationwide agree.[29] Even if these opinions were challenged by *Bruen* or *Heller's* holding, this district court is "not free to overturn" Fifth Circuit decisions;[30] furthermore, "for a Supreme Court decision to change our Circuit's law, it must be more than merely illuminating with respect to the case before the court and must unequivocally overrule prior precedent."[31]

To be sure, the Fifth Circuit has wielded its authority to overturn its own Second Amendment precedent in the wake of *Bruen*. In *United States v. Rahimi*,[32] the Fifth Circuit ruled that 18 U.S.C. § 922(g)(8), which prohibits the possession of firearms by individuals who are subject to domestic violence retraining orders, was a violation of the Second Amendment in light of history and tradition.[33] But a key distinction from § 922(g)(1) is that § 922(g)(8)—triggered by domestic violence restraining orders, and not felony convictions—may apply to individuals subject to "civil proceeding[s]" and who are only "*suspected* of other criminal conduct."[34] As the Fifth Circuit observed, this application is meaningfully distinct from a Second Amendment restriction applied to "a convicted felon or [individual] otherwise subject to another 'longstanding prohibition on

---

[28] *United States v. Darrington*, 351 F.3d 632, 634 (5th Cir. 2003) (affirming § 922(g)(1)'s constitutionality within the historical understanding of the Second Amendment); *United States v. Anderson*, 559 F.3d 348, 353 (5th Cir. 2009) (affirming *Darrington*, and the constitutionality of § 922(g)(1), after *Heller*).

[29] *See* R. Doc. 49 at pp. 2–3 (collecting cases).

[30] *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 789 (5th Cir.2021); *accord United States v. Thompson*, CR 22-173, 2023 WL 3159617, at *4 (E.D. La. Apr. 27, 2023) ([T]he authority to determine whether the Fifth Circuit's pre-Bruen precedent regarding the constitutionality of § 922(g)(1) has been overturned by an intervening change in the law lies with the Fifth Circuit alone.").

[31] *Id*. at 792 (*quoting Tech. Automation Servs. Corp. v. Liberty Surplus Ins. Corp.*, 673 F.3d 399, 405 (5th Cir. 2012)) (cleaned up).

[32] *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), *cert. granted*, 143 S.Ct. 2688 (2023).

[33] *Id*. at 461.

[34] *Id*. at 452 (emphasis in original).

the possession of firearms.'"[35] "Thus, contrary to calling 18 U.S.C. § 922(g)(1) into question, *Rahimi* recognizes, as did the Supreme Court in *Heller* and *McDonald*, that the history and tradition of the Second Amendment make clear that prohibiting convicted felons from possessing firearms is constitutionally tolerable."[36]

Despite all this, Mr. Reed, alleged to be a convicted felon subject to § 922(g)(1), urges that *Bruen*'s two-step test, and *Rahimi*'s holding concerning a legally distinct statute, compel this Court to "dismiss the indictment" as an unconstitutional restriction on his "conduct of possessing a firearm . . . for the purpose of self-defense."[37] As explained above, and as correctly argued by the government,[38] *Bruen* and *Rahimi* did not disrupt Fifth Circuit precedent concerning the constitutionality of § 922(g)(1). Even more, the Fifth Circuit has repeatedly declared as much when reviewing post-*Bruen* § 922(g)(1) challenges for plain-error review: "there is no binding precedent explicitly holding that § 922(g)(1) is unconstitutional on its face or as applied," and "it is not clear that either *Bruen* or *Rahimi* dictate such a result."[39]

## CONCLUSION

This Court must follow precedent and cannot break new ground at Mr. Reed's request. As decided by Supreme Court and Fifth Circuit precedent, 18 U.S.C. § 922(g)(1) is a constitutional restriction on non-law-abiding citizens' right to possess firearms. Accordingly;

---

[35] *Id.* (quoting *Heller*, 554 U.S. at 626) (alteration omitted).
[36] *United States v. Thompson*, CR 22-173, 2023 WL 3159617, at *4 (E.D. La. Apr. 27, 2023).
[37] R Doc. 40-1 at p. 5.
[38] R. Doc. 49 at pp. 1–9.
[39] *United States v. Garza*, 22-51021, 2023 WL 4044442, at *1 (5th Cir. June 15, 2023) (unpublished) (per curiam); *see also, e.g.*, *United States v. Johnson*, 22-20300, 2023 WL 3431238 (5th Cir. May 12, 2023) (unpublished) (per curiam) (same); *United States v. Pickett*, 22-11006, 2023 WL 3193281 (5th Cir. May 2, 2023) (unpublished) (per curiam) (same); *United States v. Roy*, 22-10677, 2023 WL 3073266 (5th Cir. Apr. 25, 2023) (unpublished) (per curiam) (same); *United States v. Hickcox*, 22-50365, 2023 WL 3075054 (5th Cir. Apr. 25, 2023) (unpublished) (per curiam) (same).

**IT IS ORDERED** that Defendant Laryan Reed's Motion to Dismiss the Indictment is **DENIED**.

**New Orleans, Louisiana, this 18th day of January, 2024.**

_____

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**